IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisa A. Ramirez, #326004, | ) C/A No.: 1:13-200-JMC-SVH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Angelia Rawski, Warden of Leath Correctional Institution, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner Lisa A. Ramirez is an inmate at the Leath Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #13, #14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to Respondent's motion by August 22, 2013. [Entry #15]. After Petitioner failed to file a timely response, the court issued an order on August 26, 2013, directing Petitioner to advise the court whether she wished to continue with this case and to file a response to Respondent's motion by September 9, 2013. [Entry #19].

Notwithstanding the court's orders, Petitioner has filed no response to

1

Respondent's motion for summary judgment. As such, it appears to the court that she does not oppose the motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Independently, after having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted on the merits.

I.      Factual and Procedural Background

Petitioner was indicted by the South Carolina State Grand Jury during the February 2006 term of court for (1) conspiracy to traffic 400 grams or more of methamphetamine ("ice" or "crank"), and (2) trafficking 400 or more grams of methamphetamine (2006-GS-47-0026). [Entry #13-7 at 88–91]. Petitioner was represented by Daniel J. Farnsworth, Esq., and, on August 22, 2006, pled guilty before the Honorable Alexander S. Macaulay, Circuit Court Judge, to the lesser degree first offenses of conspiracy to traffic and trafficking of 28–100 grams of methamphetamine. [*Id.* at 3–17]. On November 19, 2007, Judge Macaulay sentenced Petitioner to concurrent terms of 12 years on each count. [*Id.* at 38]. Petitioner did not file a direct appeal.

Petitioner filed an application for post-conviction relief ("PCR") on June 6, 2008, in which she alleged claims of ineffective assistance of counsel, that she was lied to by SLED, and that she was not treated fairly in sentencing. [*Id.* at 43]. A PCR evidentiary hearing was held before the Honorable J. Mark Hayes II, Circuit Court Judge, on May 15,

2009, at which Petitioner and her counsel, Elizabeth P. Wiygul, Esq., appeared. [*Id.* at 54–78]. On May 15, 2009, Judge Hayes entered a Form 4 order stating, "Even though both witnesses testified the sentence was strong when you consider her alleged involvement and lack of record, I can find no deviation by her attorney in his representation and no appealable issue. I request the Attorney General to prepare an order." [Entry #13-1]. Judge Hayes filed a formal written order denying relief on June 30, 2009. [Entry#13-7 at 81–87].

Petitioner filed a timely notice of appeal from the denial of PCR and was represented by Assistant Appellate Defender M. Celia Robinson of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On March 19, 2010, counsel filed a petition for writ of certiorari [Entry #18-4] in the South Carolina Supreme Court raising the following issues:

> 1.      Did the PCR judge err in refusing to find that Petitioner was denied the right to a direct appeal as the result of ineffective assistance of counsel so that she was entitled to a belated direct appeal?
>
> 2.      Did the PCR judge err in denying relief where Petitioner's guilty plea was not entered knowingly or voluntarily as the result of ineffective assistance of counsel because Petitioner had been assured that she would be sentenced to no more than seven years and because her attorney did not explain that she would be required to serve 85% rather than 65% of her sentence?

[Entry #13-3 at 3]. In the petition, counsel also raised the following potential direct appeal claims:

> 1.      Must petitioner's conviction be reversed where petitioner's guilty plea was not knowingly, intelligently or voluntarily entered?

3

    2.    Must petitioner's sentence be vacated where the sentence imposed constituted cruel and unusual punishment in light of petitioner's lack of any criminal record and in light of her extremely limited and minimal role in the offense?

[*Id.* at 16].

On January 12, 2012, the South Carolina Supreme Court denied the petition for writ of certiorari. [Entry #13-5]. The remittitur was issued on January 30, 2012. [Entry #13-6].

Petitioner filed this federal petition for a writ of habeas corpus on January 15, 2013. [Entry #1-4 at 2].[1]

II.    Discussion

    A.    Federal Habeas Issues

Petitioner states the following ground in her habeas petition:

**Ground One:**    "Sale of ice is not illegal. Counsel was ineffective for counseling guilty plea."

    Supporting Facts: "Prosecution is irrational."

[Entry #8 at 5–6].

---

[1] The petition was received by the court on January 18, 2013, and docketed on January 22, 2013. However, because Petitioner is incarcerated, she benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on January 15, 2013. [Entry #1-4 at 2].

4

B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

5

C.  Analysis

1.  AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

8

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

      2.      Petitioner Did Not Timely File Her Federal Petition

The undersigned finds Petitioner did not timely file her petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or

the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when [her] time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner pled guilty on August 22, 2006, and was sentenced on November 19, 2007. [Entry #13-7 at 38]. At that point, Petitioner had ten days within which to file a notice of appeal, but she failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Petitioner's conviction became final on November 29, 2007. Accordingly, Petitioner's one-year statute of limitations period began to run on November 30, 2007, the first day following the expiration of Petitioner's ten-day window of appeal.

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

Petitioner's filing of her PCR application on June 6, 2008, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed her PCR application, 189 days had elapsed, leaving 176 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on January 12, 2012. [Entry #13-5]; *see Gonzalez,* 565 U.S. ___, ___, 132 S.Ct. at 654 (rejecting use of remittitur dates in applying Section (d) (1) (A)).

The statute of limitations resumed on January 13, 2012, and expired 176 days later, on July 7, 2012. Petitioner did not file his habeas action until January 15, 2013—more than six months after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless she has demonstrated that she diligently has been pursuing her rights and that extraordinary circumstances prevented her timely filing, which could equitably toll the statute of limitations.

        3.      Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,'

11

2) beyond [her] control or external to [her] own conduct, 3) that prevented [her] from filing on time.").

         a.  Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. Petitioner has not demonstrated she was reasonably diligent in pursuing her rights below. Petitioner's tardiness in filing this petition in no manner suggests that she diligently pursued his rights. The undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

         b.  Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because she has not set forth facts that could demonstrate an "extraordinary circumstance" kept her from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle her to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support an argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing

equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of her claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Independently, the undersigned recommends that Respondent's motion for summary judgment be granted on the merits and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 10, 2013                                      Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).